UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COURTNEY HEBERT, as sole beneficiary
    of the Courtney Hebert Irrevocable Trust and
    as the independent administratrix of the
    Succession of Michael Allen Hebert

VERSUS

RICHARD J. HEBERT, et al.

CIVIL ACTION

NO. 19-10165

SECTION: M (2)

# **O R D E R**

On May 8, 2019, defendant Federal Deposit Insurance Corporation, as receiver for First NBC Bank ("FDIC-R"), filed a motion to dismiss for lack of jurisdiction,[1] which was set for submission on May 23, 2019.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date. Plaintiff Courtney Hebert, as sole beneficiary of the Courtney Hebert Irrevocable Trust and as independent administratrix of the Succession of Michael Allen Hebert ("Hebert"), who is represented by counsel, has not filed a memorandum in opposition to the motion to dismiss.

FDIC-R seeks to dismiss Hebert's claims on the grounds that she has not submitted her claims for administrative review and approval in compliance with 12 U.S.C. §§ 1821(d)(6) and 1821(d)(13)(D) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, which requires all claims involving the assets of a failed depository institution to be submitted to the receiver not less than 90 days after the publication of the receiver's notice. *Id.* § 1821(d)(3)(B)(i). FDIC-R has the sole discretion to determine whether the claims will be allowed

---

[1] R. Doc. 4.
[2] R. Doc. 46.

or disallowed. *Id.* § 1821(d)(3)-(5); *see also Meliezer v. Resolution Tr. Co.*, 952 F.2d 879, 881 (5th Cir. 1992) ("To assure that the [FDIC] could deal expeditiously with failed depository institutions, Congress created a new claims determination procedure by which the creditors of a failed institution may be required to first present their claims to the Receiver for administrative consideration before pursuing a judicial remedy."). Failure to exhaust the claims procedure deprives the court of jurisdiction. 12 U.S.C. § 1821(d)(13)(D); *Meliezer*, 952 F.2d at 882.

Here, Hebert initially filed this suit in state court on July 30, 2012, seeking damages against First NBC Bank ("FNBC") and injunctive relief against Richard J. Hebert.[3] On April 28, 2017, FNBC was closed by the Louisiana Office of Financial Institutions, FDIC-R was named the receiver, and FDIC-R accepted appointment as receiver for FNBC.[4] Soon thereafter, FDIC-R published notice to FNBC's creditors setting out the administrative claims process. On May 26, 2017, FDIC-R sent a notice to Hebert advising her to submit to FDIC-R by August 2, 2017, a proof of claim for any claim Hebert might have against FNBC, and that failure to do so would "result in disallowance by the Receiver and the disallowance will be final."[5] Hebert's notice was delivered on June 5, 2017.[6] Hebert never filed a proof of claim.[7]

Accordingly, because the motion to dismiss is unopposed, and it appearing to the Court that the motion has merit,

IT IS ORDERED that FDIC-R's motion to dismiss (R. Doc. 4) is GRANTED as unopposed;

---

[3] R. Doc. 4-3.
[4] R. Doc. 4-4.
[5] R. Doc. 4-5.
[6] *See* R. Docs. 4-6 & 4-7.
[7] R. Doc. 4-1 at 3.

IT IS FURTHER ORDERED that all claims of Hebert against FDIC-R are dismissed with prejudice for lack of jurisdiction; and

IT IS FURTHER ORDERED that the Court declines to exercise jurisdiction over Hebert's supplemental state-law claims against Richard J. Hebert, because the Court has dismissed all claims over which it had original jurisdiction, pursuant to 28 U.S.C. § 1367(c). Accordingly, Hebert's remaining claims are hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 22nd day of May, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE